NOT DESIGNATED FOR PUBLICATION

No. 123,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY D. ROBINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed March 18, 2022. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Emma Halling*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Larry D. Robinson was found guilty of criminal threat and misdemeanor domestic battery following his nolo contendere pleas. His presentence investigation report calculated his criminal history score as A based on the inclusion in his criminal history of a juvenile adjudication for criminal threat, a prior adult criminal threat conviction, and prior adult convictions for attempted aggravated burglary and conspiracy to commit aggravated burglary.

Robinson objected to his criminal history score on the grounds that his juvenile adjudication for battery on a detention officer had decayed and should not be scored. He

1

also argued that his previous criminal threat conviction should not be included because our Supreme Court found the statute under which he had been convicted was unconstitutional. Finally, he argued that his prior convictions for conspiracy to commit aggravated burglary and attempted aggravated burglary should be scored as nonperson felonies.

The State agreed with Robinson's objections to including his juvenile adjudication and his adult criminal threat conviction in calculating his criminal history score. But the State contended that Robinson's convictions for conspiracy to commit aggravated burglary and attempted aggravated burglary were properly scored as person felonies.

At sentencing, the district court agreed that Robinson's juvenile adjudication and his prior adult criminal threat conviction should not be included in calculating Robinson's criminal history score. But the court scored Robinson's prior convictions for conspiracy to commit aggravated burglary and attempted aggravated burglary as person felonies, resulting in a criminal history score of B and a guidelines sentence for his current 2019 criminal threat conviction, a severity level 9 person felony, that called for presumptive prison. See K.S.A. 2020 Supp. 21-5415(a)(1), (c)(1); K.S.A. 2020 Supp. 21-6804(a). Nevertheless, the court granted Robinson's motion for a dispositional departure and sentenced him to 12 months of probation, with an underlying 14-month prison sentence for his criminal threat conviction and a consecutive 6-month jail term for his misdemeanor domestic battery conviction, resulting in 20 months' imprisonment for the underlying sentence.

Robinson appeals, contending that the district court erred in scoring his prior convictions for conspiracy to commit aggravated burglary and attempted aggravated burglary as person felonies rather than as nonperson felonies.

2

Classification of prior offenses for criminal history purposes involves statutory interpretation, which is an issue of law over which our review is unlimited. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

The outcome of this case is controlled by the recent decision of our Supreme Court in *State v. Terrell*, 315 Kan. ___, 2022 WL 497319 (2022), which was filed on February 18, 2022, after Robinson had filed his appellate brief in this case. In *Terrell*, 315 Kan. ___, Syl. ¶ 2, our Supreme Court clarified how convictions should be scored for criminal history purposes under the Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq.

Terrell pled guilty to aggravated escape from custody, a severity level 5 nonperson felony. He previously had been convicted in 2005 of an offender registration violation. Even though Terrell's registration violation was classified as a nonperson felony in 2005, it was reclassified as a person felony under *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), in connection with Terrell's current aggravated escape conviction. *Terrell*, 2022 WL 497319, at *1.

On appeal, Terrell argued that his offender violation conviction should have been scored as a nonperson felony because that is how it was designated when he committed the crime. The State argued that the conviction should be scored as a person felony because the crime is currently designated as such. Our Supreme Court concluded, consistent with the legislative intent that the sentencing guidelines standardize sentences so that similarly situated offenders are treated the same, that "all prior convictions, whether out-of-state, pre-guidelines, or amended post-guidelines, be classified as person or nonperson as of the time the new infraction is committed." 2022 WL 497319, at *5. Under the plain language of this decision, "all prior convictions" would include Robinson's prior convictions for conspiracy to commit aggravated burglary and attempted aggravated burglary. *Terrell* applies to Robinson because his direct appeal was pending at

3

the time *Terrell* was handed down. See *State v. Williams*, 311 Kan. 88, 95, 459 P.3d 540 (2020) (citing *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 [2019]).

When Robinson committed his current crime in May 2019, aggravated burglary was a person felony. See K.S.A. 2018 Supp. 21-5807(c)(2). Prior felony convictions for attempt and conspiracy "shall be treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime." K.S.A. 2020 Supp. 21-6811(g). Thus, Robinson's convictions for attempted aggravated burglary and conspiracy to commit aggravated battery are both person felonies.

Robinson relies on *Keel*, 302 Kan. 560, for support. *Keel* does not apply. It addressed a specific problem—pre-guidelines felonies that did not fit the new sentencing procedures. *Terrell*, 2022 WL 497319, at *3. But here, Robinson's attempted aggravated burglary and conspiracy to commit aggravated burglary convictions took place long after the Legislature enacted the sentencing guidelines.

Robinson also relies on K.S.A. 2020 Supp. 21-6811(e)(3)(B). This subsection of the statute does not apply. It deals exclusively with out-of-state convictions. Robinson's convictions for attempted aggravated burglary and conspiracy to commit aggravated burglary both took place in Kansas. K.S.A. 2020 Supp. 21-6811(e)(3)(B) does not apply.

*Terrell* controls. The district court did not err when it scored Robinson's previous convictions for attempted aggravated burglary and conspiracy to commit aggravated burglary as person felonies.

Affirmed.